IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID OLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:08cv843-CSC |
| | ) | (WO) |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

## I. Introduction

The plaintiff, David Oliver ("Oliver"), applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.*, and supplemental security income benefits pursuant to Title XVI, 42 U.S.C. § 1381 *et seq.*, alleging that he was unable to work because of a disability. His application was denied at the initial administrative level. Oliver then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986)*. The case is now before the court for review pursuant to 42 U.S.C. § 405(g) and § 1631(c)(3). Based on the court's review of the record in this case

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

and the briefs of the parties, the court concludes that the decision of the Commissioner is due

to be affirmed.

## II. Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the

person is unable to

> engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to result in
> death or which has lasted or can be expected to last for a continuous period of
> not less than 12 months. . . .

To make this determination,[2] the Commissioner employs a five-step, sequential

evaluation process. *See* 20 C.F.R. § 404.1520, §416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments
> set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next
> question, or, on steps three and five, to a finding of disability. A negative
> answer to any question, other than step three, leads to a determination of "not
> disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one. This court

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. Administrative Proceedings

Oliver was 51 years old at the time of the hearing before the ALJ. (R. 131.) He completed the tenth grade. (*Id*.) Oliver's prior work experience includes working as a material handler and maintenance helper. (R. 138.) Oliver alleges that he became disabled on December 31, 2003, due to diabetes, high blood pressure, and gouty arthritis. (R. 50, 53, 132.) Following the hearing, the ALJ concluded that Oliver suffers from severe impairments of gouty arthritis and osteoarthritis of the knees. (R. 14.) The ALJ also determined that Oliver is unable to perform his past relevant work. (*Id*.) Based on the testimony of a vocational expert, the ALJ concluded that there were a significant number of jobs existing in

the national economy that Oliver could perform, including working as a kitchen helper, poultry worker, and off bearer. (*Id*.)  Accordingly, the ALJ concluded that Oliver was not disabled.  (R. 15.)

## IV.  The Plaintiff's Claims

As stated by Oliver, he presents the following issue for the court's review:

> The Commissioner's decision should be reversed, because he failed to satisfy his fifth-step burden of proving that Oliver was capable of performing other work existing in significant numbers in the national economy.

(Doc. No. 13, Pl's Brief, p. 3.)  Within his discussion of the issues, however, Oliver asserts that the ALJ's determination that he has the residual functional capacity to perform light work is not supported by substantial evidence because the ALJ improperly relied on the opinion of a non-examining consultant and his determination is inconsistent with the consultative examiner's opinion, as well as Oliver's subjective complaints of pain.  (*Id*., pp. 3-8.)

## V.  Discussion

**A.  Pain.**  Oliver claims that the ALJ failed to properly evaluate and credit his complaints of pain when determining that he has the residual functional capacity to perform light work.  During the hearing, Oliver testified that he has pain in his hands, knees, and foot. (R. 133.)  He stated that he "can't hardly ball up" his hands, that they "be swollen up," and that he has trouble gripping items.  (R. 133.)  He also testified that the pain along the bottom of his foot "feels like a big old piece of wax up there," that the pain radiates from his foot to his knee and up his back, that he soaks his feet in Epsom salt and water, and that the pain on

a scale from zero to ten is a seven or an eight. (R.134.) Oliver further stated that he is able to walk no more than a block and a half, that he is able to stand for approximately two and a half hours at a time, that he has fallen on several occasions, that he walks with a cane, and that he frequently elevates his legs. (R. 135-37.)

The Eleventh Circuit has established a three-part test that applies when a claimant attempts to establish disability through his own testimony of pain or other subjective symptoms. *Landry v. Heckler,* 782 F.2d 1551, 1553 (11th Cir. 1986); *see also Holt v. Sullivan,* 921 F.2d 1221, 1223 (11th Cir. 1991). This standard requires evidence of an underlying medical condition *and either* (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition *or* (2) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain. *Landry,* 782 F. 2d at 1553.

The Commissioner must consider a claimant's subjective testimony of pain if he finds evidence of an underlying medical condition and the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain. *Mason v. Bowen,* 791 F.2d 1460, 1462 (11th Cir. 1986); *Landry,* 782 F.2d at 1553. Thus, if the Commissioner fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Commissioner has, as a matter of law, accepted the testimony as true. This standard requires that the articulated reasons be supported by substantial reasons. If there is no such support, the testimony must be accepted as true. *Hale v. Bowen,* 831 F.2d 1007, 1012 (11th Cir. 1987).

The medical evidence demonstrates that Oliver suffers from foot and knee pain. For example, on November 30, 2005, Dr. James O. Colley, a consultative physician, found that Oliver had "crepitus bilaterally with range of motion of the knees." (R. 101.) He also found that Oliver's feet were "diffusely tender," that he had a trace of edema on the dorsal surface and lateral malleolus on the right foot, that he suffered pain on range of motion of the ankles and first three toes, that a "tender tophus could be palpated on the medial aspect of both 1st metatarsal phalangeal joints." (*Id*.) Therefore, Oliver meets the first prong of the pain standard.

However, the ALJ determined that Oliver's testimony of disabling pain was not credible. Specifically, the ALJ found as follows:

> . . . Contrary to his allegations of weakness of the hands, examinations have revealed full grip strength with no abnormalities of the hands. With the exception of "trace" edema of the feet noted during the consultative examinations, examinations have failed to reveal any evidence of swelling. The claimant has not stated to any treating physician nor has any treating physician recommended that the claimant elevate his legs; this allegation is not credible. Furthermore, the claimant has not been prescribed a cane nor has any physician noted that he ambulate with a cane. There is no evidence of motor weakness. Neither the frequency in which the claimant sought treatment nor the objective findings support his allegations of severe pain, swelling or functional limitations.

(R. 14.)

Substantial evidence in the record supports the ALJ's finding that the medical records are inconsistent with Oliver's allegations that he suffered disabling pain. The record indicates that Oliver did not seek medical treatment for his gouty arthritis or any other impairments

between the date he alleged he became disabled in December 2003 and the date he was last insured on March 31, 2004.[4] In addition, medical records after March 2004 are not consistent with Oliver's allegations of disabling pain. For example, during visits to Montgomery Primary Physicians on January 27, 2005, September 9, 2005, and May 4, 2007, a physician noted that Oliver suffered from no edema.[5] (R. 90-91, 112.) On November 30, 2005, Dr. James O. Colley conducted a consultative examination, noting that Oliver appeared to have pain while sitting, that he could not tandem walk or do heel-to-knee movements without pain, and that he had a "trace of edema" on the dorsal surface of the right foot and lateral malleolus, as well as mild pain on range of motion of the ankles. (R. 100.) The consultative physician also found that, although Oliver walked gingerly without his shoes and took short steps, he otherwise had a normal gait and was in no acute distress. (R. 99.) Dr. Colley noted that Oliver had good muscle bulk and tone with no atrophy, that his grip strength was 5+/5, and that he could squat down about 40% and get back up without assistance. (R. 102.) Oliver was diagnosed as suffering from gouty arthritis of the feet and right ankle; gouty arthritis versus osteoarthritis of both knees; type 2 diabetes, poorly controlled secondary to poor compliance; and hypertension, controlled. (*Id.*)

_____

[4] The medical records indicate that Oliver did not receive medical treatment between January 2000 and December 2004.

[5] The court notes that the ALJ incorrectly found that Oliver was not prescribed a cane. One isolated reference in the medical records indicates that, on January 27, 2005, a physician at Montgomery Primary Physicians assessed that Oliver had an "unsteady gait" and prescribed a cane. (R. 91.) However, on November 30, 2005, Dr. Colley noted that Oliver was not using an "assistive device." (R. 100.) Thus, it is clear that Oliver did not use the cane on a regular basis. Consequently, the ALJ's error in finding that Oliver was not prescribed a cane is harmless. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983).

In light of the medical records indicating that Oliver suffered from no more than a "trace" of edema, that his gait was normal while wearing shoes, that he had full grip strength, that he did not use a cane or other assistive device on a regular basis, and that he was able to squat without assistance, the court concludes that the ALJ's determination that the objective medical evidence does not support the severity of symptoms alleged by Oliver is supported by substantial evidence.

The Commissioner considered that Oliver's condition was capable of giving rise to some pain; however, he concluded that his condition was not so severe as to give rise to the disabling pain as alleged. The ALJ has discretion to discredit a claimant's subjective complaints as long as he provides "explicit and adequate reasons for his decision." *Holt*, 921 F.2d at 1223. A reviewing court will not disturb a clearly articulated credibility finding where there is substantial evidence in the record to support the finding. *See Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986). The ALJ's reasons for discrediting Oliver's testimony of disabling pain were both clearly articulated and supported by substantial evidence. After a careful review of the record, the court concludes that the Commissioner properly discounted Oliver's testimony of pain.

**B. The Residual Functional Capacity Assessment.** Oliver asserts that the ALJ's determination that he is capable of performing light work is not supported by substantial evidence. Specifically, Oliver contends that the ALJ improperly credited the opinion of Dr. William Stoneycypher, a State agency non-examining consultant, while rejecting the

consultative examiner's opinion regarding his limitations. Oliver asserts that he is disabled due to pain and swelling in his feet, knees, and hands. Consequently, he contends that his ability to walk and stand are limited and that he must sit with his legs elevated for a prolonged period to alleviate his pain.

When discussing Oliver's ability to perform work, the ALJ determined that Dr. Stonecypher's opinion that Oliver has the residual functional capacity to perform light work was "fully supported by the record as a whole and, therefore, entitled to considerable probative weight." (R. 14.) The ALJ noted that his determination that Oliver is able to perform light work is "fully supported by the objective evidence, treatment records, the claimant's activities, the opinion of the State Agency medical consultant, and the record as a whole." (*Id.*)

Taken alone, the opinion of a non-examining reviewing physician does not constitute substantial evidence to support an administrative decision. *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990). However, an ALJ does not err in relying on the opinion of the non-examining physician when that opinion does not contradict an examining physician's opinion. *Edwards v. Sullivan*, 937 F.2d 580, 584-85 (11th Cir. 1991). The evidence in the record supports the ALJ's findings regarding Oliver's residual functional capacity to perform light work.

In his analysis, the ALJ determined that Oliver has the residual functional capacity to perform work at the light exertional level. The ALJ's determination is supported by the medical records, including the opinions of Dr. Stonecypher, a non-examining medical expert,

as well as of Dr. Colley, the consultative examining physician.

On December 20, 2005, Dr. Stonecypher conducted a physical residual functional capacity assessment, specifically finding that Oliver could lift no more than 20 pounds occasionally and 10 pounds frequently, that he could stand or sit for a total about 6 hours in an 8-hour workday, and push or pull for an unlimited amount of time. (R. 104.) As support for his conclusion, Dr. Stonecypher stated:

> Mr. Oliver is a 49 y.o. male with allegations of non-insulin diabetes, HBP, and gouty arthritis. . . .The clmt had a NL gait and has no problems taking his shoes and socks off. The clmt had a NL station and NL coordination. ROM was basically NL in all joints. The claimant did have crepitus bilat with ROM of knees, but there was no tenderness, instability, or deformity. His feet were diffusely tender, the rt more so than the left. Clmt had pain on ROM of his first 3 toes and mild pain on ROM of the ankles. Examination of the hands were NL. The clmt had good muscle strength and there was no atrophy. Sensory exam was NL. Impression is gouty arthritis of the feet and ankle, Type II diabetes which is poorly controlled due to poor compliance, HTN (controlled), and gouty arthritis versus OA of both knees.

(R. 104-05.)

As previously discussed, Dr. Colley found that Oliver could not tandem walk or do heel-to-knee movements without pain, that he had a "trace of edema" on the dorsal surface of the right foot and lateral malleolus, as well as mild pain on range of motion of the ankles. (R. 100.) The consultative physician noted that, although Oliver walked gingerly without his shoes and took short steps, he otherwise had a normal gait and was in no acute distress. (R. 99.) Dr. Colley also found that Oliver had good muscle bulk and tone with no atrophy, that his grip strength was 5+/5, and that he could squat down about 40% and get back up without

10

assistance. (R. 102.) The consultative physician concluded that Oliver suffered from gouty arthritis of the feet and right ankle; gouty arthritis versus osteoarthritis of both knees; type 2 diabetes, poorly controlled secondary to poor compliance; and hypertension, controlled. (*Id.*)

Thus, it is clear that the non-examining consultant's opinion does not contradict Dr. Colley's opinion. Furthermore, no treating or consultative physician has opined that Oliver should not perform work. A review of the ALJ's decision demonstrates that the ALJ conducted a thorough analysis of the testimony and considered all of the objective medical evidence in reaching his decision. To the extent Oliver is arguing that the ALJ should have accepted his testimony regarding his limitations rather than the opinions of the consultative examiner and non-examining consultant, as the court explained, the ALJ had good cause to discount Oliver's testimony.

Oliver also argues that the ALJ failed to reconcile medical records indicating that he was prescribed a four-pronged cane with the non-examining physician's determination that he has the ability to stand or walk six hours in an eight hour day. There is one isolated reference in the medical records occurring one month after the expiration of the relevant time period in which a physician at Montgomery Primary Physicians noted that Oliver walked with an "unsteady gait" and was prescribed a four-pronged cane. (R. 91.) Dr. Colley's evaluation, however, indicates that Oliver was not using an "assistive device" in November 2005. (R. 100.)

To the extent Oliver asserts that the burden of establishing his residual functional

capacity falls on the Commissioner at Step Five, he is incorrect.[6]  A disability claimant bears

the initial burden of demonstrating an inability to return to his past work.  *Lucas v. Sullivan*

918 F.2d 1567 (11th Cir. 1990).  After a claimant establishes some disability that prevents him

from performing his past relevant work, the burden shifts to the ALJ to demonstrate the

existence of a significant number of jobs in the national economy that the claimant can

perform.  *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).  After the ALJ identifies

alternative work, the burden shifts to the claimant to demonstrate that he is unable to perform

those jobs.  *See Williams v. Barnhart*, 140 Fed. Appx. 932, 936 (11th Cir. 2005).  In this case,

after determining Oliver was unable to return to his past relevant work, the ALJ posed

hypothetical questions to a vocational expert to determine whether someone with the same

limitations as Oliver would be able to secure employment in the national economy.  Oliver

does not challenge the hypothetical questions posed by the ALJ to the vocational expert.

Furthermore, Oliver has not overcome his burden of proving that he is unable to perform work

as a kitchen helper, poultry worker, off bearer, or other light jobs existing in the national

economy.

Based on the foregoing, the court concludes that the ALJ's determination that Oliver

has the residual functional capacity to perform light work is supported by substantial

---

[6] In his brief, Oliver cites *Fisher v. Astrue*, No. CA 08-0062, 2008 WL 4417325, *4 (S.D. Ala. Sept. 23, 2008), which appears to hold that the Commissioner's fifth step burden must be supported by the residual functional capacity assessment of a treating or examining physician.  This court disagrees with the holding. First, the decision implies that a residual functional capacity determination is a medical decision.  It is not. An ALJ has the responsibility of determining the residual functional capacity of a claimant.  20 C.F.R. § 404.1546.  Second, even if the holding in *Fisher* were correct, the record before this court shows that the non-examining physician's opinion is congruent with the consultant's opinion in this case.

evidence.

## VI.  Conclusion

The court has carefully and independently reviewed the record and concludes that substantial evidence supports the ALJ's conclusion that plaintiff is not disabled.  Thus, the court concludes that the decision of the Commissioner is supported by substantial evidence and is due to be affirmed.

A separate order will be entered.

Done this 4th day of March, 2010.


                                        /s/Charles S. Coody
                                    CHARLES S. COODY
                                    UNITED STATES MAGISTRATE JUDGE